

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 20, 1967

Honorable Wayland G. Holt
District Attorney
Scurry County Courthouse
Snyder, Texas

Opinion No. M-172

Re: Whether a county commissioners
court which desires to pur-
chase equipment for general
use by the county, requiring
the expenditure of $2,000.00
or more to be paid out of cur-
rent funds, must advertise by
newspaper publication ( or
posting) notice of its inten-
tion to take competitive bids
under the provisions of Sec-
tion 2, Article 2368a, Ver-
non's Civil Statutes, and
related question.

Dear Mr. Holt:

In a recent letter to this office you requested our
opinion in regard to the above referenced matters. We quote
from your letter as follows:

"The members of the Commissioners Court of
Scurry County have objected to the requirement
of advertising for bids in making purchases of
equipment for the use of the County where the
purchase price of such equipment is such that
the taking of competitive bids is necessary.
They agree that where the price is $2000.00 or
more the taking of competitive bids is required
but they do not agree that where the equipment
is purchased with current funds advertising by
publishing or posting, as required by Sec. 2 of
Art. 2368a, Vernon's Annotated Texas Statutes,
is necessary, and think it is exempt under the
provisions of Sec. 5 of such Article 2368a. The
County Auditor has announced his intention to
refuse to approve any claim against the County
for equipment purchased unless all the provisions
of said Sec. 2 are complied with.

-824-

"I will appreciate your answering the fol-
lowing questions:

"1. Where the purchase price of equipment
for general use by the County is $2,000.00 or
more, thereby requiring the taking of com-
petitive bids, is it necessary to advertise by
publishing (or posting) giving notice of inten-
tion of the taking of such bids?

"2. Where there is a trade-in involved,
does the term, 'purchase price,' mean the full
price quoted or bid for the equipment to be
purchased, or does it mean such full price less
the amount allowed for the trade-in?"

Those portions of Article 2368a, Vernon's Civil Statutes,
which are applicable to your first question read as follows:

"Sec. 2. No county, acting through its
Commissioners Court, . . .shall hereafter make
any contract calling for or requiring the ex-
penditure or payment of Two Thousand Dollars
($2,000.00) or more out of any fund or funds of
any . . .county or subdivision of any county
creating or imposing an obligation or liability
of any nature or character upon such county or
any subdivision of such county, . . .without
first submitting such proposed contract to com-
petitive bids. Notice of the time and place
when and where such contracts shall be let
shall be published in such county (if concerning
a county contract or contracts for such sub-
division of such county). . .once a week for
two (2) consecutive weeks prior to the time set
for letting such contract, the date of the first
publication to be at least fourteen (14) days
prior to the date set for letting said contract;
and said contract shall be let to the lowest
responsible bidder. . . .If there is no news-
paper published in such county, the notice of
the letting of such contract by such county
shall be given by causing notice thereof to be
posted at the County Court House door for four-
teen (14) days prior to the time of letting
such contract. . . .

"  . . .

"Any and all such contracts or agreements
hereafter made by any county. . .in this state,
without complying with the terms of this Section,
shall be void and shall not be enforceable in
any court of this state, and the performance of
same and the payment of any money thereunder may
be enjoined by any property taxpaying citizen of
such county. . .

"
   . . .

"Sec. 5.  The notice required in Sections
2 . . .shall not be applicable to expenditures
payable out of current funds or bond funds, as
above described, . . ."

Section 2 of Article 2368a provides that in certain
emergency situations the commissioners court does not have to
comply with the provisions of the section.

Section 2, Article 2368a, has been amended several
times since its original enactment in 1931.  The effect of
these amendments insofar as it is relevant to the question here
involved is that, as originally enacted, the section applied only
to contracts for the construction of public buildings or the pro-
secution and completion of any public work requiring an expenditure
in excess of $2,000.00.  Whereas, the provisions of the section now
apply to all expenditures of county funds in an amount of $2,000.00
or more.  That portion of Section 5 of Article 2368a, quoted above,
has not been amended in any important respect since its original
enactment in 1931 and was in fact re-enacted along with certain
amendments to Section 5 and Section 6 of Article 2368a, which are
not pertinent to the instant question by Senate Bill 105, Acts
52nd Legislature, Regular Session, 1951, Ch. 164, Sec. 1.  Section
3 of Senate Bill 105 reads as follows:

"Sec. 3.  The fact that the Attorney General
of Texas has held that Sections 5 and 6 of said
Chapter 163 were impliedly repealed by Chapter
173, page 238, Acts of the 50th Legislature, 1947,
and questions have arisen as to the validity of
contracts and warrants of counties and cities
thereunder, creates an emergency and an imperative
public necessity that the Constitutional Rule
requiring bills to be read on three several days
in each House to be suspended; and said Rule is
hereby suspended, and this Act shall become ef-
fective immediately from and after its passage,
and it is so enacted."

Chapter 173, page 238 (actually page 283), Acts of the 50th Legislature, 1947, referred to in the above quotation from Senate Bill 105, was the first amendment to Section 2 of Article 2368a. Those portions of Section 2, which are relevant to this question, and which have been previously quoted herein, have not been materially altered since the passage of Senate Bill 105, referred to above. Section 3 of Senate Bill 105 expresses the clear legislative intent that Section 5 of Article 2368a should be operative subsequent to the enactment of Senate Bill 105, even though Section 5, Article 2368a, was impliedly repealed by the 1947 amendment to Section 2, Article 2368a. It is thus clear that the provisions of Section 2 of Article 2368a which require the giving of notice of intention to take competitive bids by newspaper advertisement (or posting) are not applicable to county expenditures for the purchase of equipment for general use by the county payable out of current funds, even if the expenditure is $2,000.00 or more.

In answer to your second question, it is our opinion that when a county desires to make a contract under the competitive bidding requirements of Section 2 of Article 2368a the bids must be stated in terms of the gross price of the equipment to be purchased without considering any "trade-in". This is not to say that a commissioners court in the exercise of its sound discretion cannot require in the bid specifications that bidders must submit as a part of their bid the sum of money which they will allow the county for a designated "trade-in" as credit on the bid amount. We do not believe that it can be said as a matter of law that a commissioners court has abused its discretion if it includes such a specification in a bid proposal, and took the response of the bidders to this specification into account in determining which bidder was the "lowest responsible bidder".

### S U M M A R Y

The provisions of Section 2 of Article 2368a, which require the giving of notice of intention to take competitive bids by newspaper advertisement (or posting), are not applicable to county expenditures for the purchase of equipment for general use by the county which are payable out of current funds, even if the expenditure is $2,000.00 or more.

When a county desires to make a contract, under the competitive bidding requirements of Section 2 of Article 2368a, the bids must be

stated in terms of the gross price of the equipment to be purchased without considering any "trade-in". However, in the exercise of its sound discretion, a commissioners court may specify in its bid proposal that bidders shall include in their bid the sum of money which they will allow for a "trade-in" as credit on the bid amount, and a commissioners court may consider the response of bidders to this specification in determining which bidder is the "lowest responsible bidder".

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Lewis E. Berry, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
John Fainter
John Banks
Ralph Rash

A. J. CARUBBI, JR.
Staff Legal Assistant